CITY OF DALLAS ET AL. V. WESTERN ELECTRIC COMPANY.

No. 3253.

1. **Local and Special Laws—City Charters.**—Article 3, section 56, of the Constitution, prohibiting local or special legislation, does not apply to special city charters granted to cities having more than 10,000 inhabitants. In section 5 of article 11 it is provided, that "cities having more than 10,000 inhabitants may have their charters granted or amended by special act of the Legislature."

2. **Same—Charter of City of Dallas.**—In section 169 of the charter of the city of Dallas it is provided, that the city shall not "be liable to garnishment on account of any debt it may owe on funds it may have on hand due any person." This was not unconstitutional, and is operative so as to prohibit such garnishment.

3. **City Charters.**—It is the purpose of the Constitution that the grant of power in the charter of a city having more than 10,000 inhabitants shall be complete without reference to any other law.

4. **Garnishment — Practice. —** Under article 191, Revised Statutes, as amended February 9, 1889 (Acts 21st Leg., p. 1), where bond is given by the defendant in the garnishment, replevying the debt, etc., sought to be reached by the writ, and in a case where such writ could not legally issue, the dismissal of the proceedings will avoid liability on the replevy bond.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE. The opinion states the case.

*A. P. Wozencraft* and *M. Trice*, for the city; *Crawford & Crawford*, for the other defendants.—1. The court erred in its findings of law in concluding that the section of the city charter providing that it should be exempt from garnishment is unconstitutional and void, and the court erred in rendering any judgment against this garnishee, because its charter exempts it and its officers from garnishment.

2. The court erred in holding that section 169 of the charter of the city of Dallas, which exempts the city from process of garnishment, was unconstitutional.

3. The charter of the city of Dallas is a general law that exempts the city from process of garnishment, and the court erred in not rendering judgment for the defendants, after having found that the defendants assigning this error were entitled to make the same defenses that could have been made by the city of Dallas.

*Wooten & Kimbrough*, for appellee.—1. By the terms of the statute the judgment in favor of appellee should have been as it was rendered, namely, against the city of Dallas, garnishee, to be satisfied by the principal and sureties on the replevy bond, who by the terms thereof became liable to pay whatever judgment should be rendered against the defendant garnishee. A judgment against the city was indispensable to render effective the obligation of the bond by the very terms of the instrument. Gen. Laws 1889, p. 1.

2.   The provision in the charter of the city of Dallas (sec. 169) is unconstitutional and void, as being in violation of section 56 of article 3 of the Constitution of the State of Texas, and especially clauses 15 and 29 of said section and article, because it is a special law, and changes the method for the collection of debts.   Const. 1876, art. 3, sec. 56;  City of Laredo v. Nalle, 65 Texas, 359;  74 Texas, 411;  77 Texas, 14.

HENRY, ASSOCIATE JUSTICE.—This was a garnishment suit against the city of Dallas, instituted by the Western Electric Company, plaintiff, in a suit for debt against the Queen City Electric Light and Power Company.   The city answered, admitting an indebtedness, at the time it was served with the writ, to the Queen City Electric Light and Power Company, but claimed that it was exempted from suit as a garnishee by virtue of the following provision in its charter:

"Section 169.   The property, real and personal, belonging to said city shall not be liable to be sold or appropriated under any writ of execution or cost bill.   Nor shall the funds belonging to said city in the hands of any person be liable to garnishment.   Nor shall the city be liable to garnishment on account of any debt it may owe or funds it may have on hand due any person.   Nor shall the city or any of its officers or agents be required to answer any writ of garnishment on any account whatsoever."

Another section of the charter reads as follows:

"Section 193.   That this act shall be deemed a public act, and judicial notice shall be taken thereof in all courts and places without the same having been read in evidence."

The plaintiff asked judgment upon the admission of indebtedness in the answer of the garnishee, contending that the exemption claimed under its charter is unconstitutional.   The cause was tried by the court without a jury, and the judge, holding that said exemption was forbidden by the Constitution, rendered judgment in favor of the plaintiff.

The following are the clauses of the Constitution which are relied upon to defeat the charter:

"Article 3, section 56.   The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law * * * regulating the practice or jurisdiction of, or changing the rules of evidence in, any judicial proceeding or inquiry before courts, justices of the peace, sheriffs, commissioners, arbitrators, or other tribunals, or providing or changing methods for the collection of debts or the enforcing of judgments, or prescribing the effect of judicial sales of real estate;  * * *   and in all other cases where a general law can be made applicable, no local or special law shall be enacted."

If these provisions were the only ones found in the Constitution relating to the subject, it would be clear that the clause of the charter now in question is forbidden.   Another provision of the same section

denies to the Legislature the power to pass a local or special law "incorporating cities, towns, or villages, or changing their charters."

But by section 5 of article 11 it is "otherwise provided," that "cities having more than 10,000 inhabitants may have their charters granted or amended by special act of the Legislature."

It can not be plausibly contended that the right to give such cities special charters is in subordination to the requirement quoted from article 3, that no special law shall be enacted "where a general law can be made applicable," so that such special charter when given shall not contain any provision that would be applicable to all such cities found in the State. The prohibitions, limitations, and requirements contained in section 56 of article 3 of the Constitution are intended to operate on such subjects as are embraced alone by that section, and not upon such as are excepted from it. It is the purpose of the Constitution that the grant of power in the charter of a city having more than 10,000 inhabitants shall be complete without reference to any other law, notwithstanding it would be easy to provide for the exercise of the greater number of privileges granted to such cities by a general law applicable alike to all of them. While there are limitations and restrictions upon the right to grant such charters, they are not to be sought for in section 56 of article 3 of the Constitution. If provisions found in the charters of cities containing over 10,000 inhabitants are subject to no other objection than that they are local or special, and such as could be provided for by a general law, they must stand, because they are permitted by section 5 of article 11, and therefore expressly excepted from the operation of section 56 of article 3. If the privileges and powers contained in such charters are such as can be given to cities by either general or special legislation, they must be respected.

After the service of the writ of garnishment the debtor, the Queen City Electric Light and Power Company, executed a bond to the plaintiff in pursuance of the Act of the Legislature approved February 9, 1889 (Acts 21st Leg., p. 1), which being approved and filed, the garnishee paid the debt to the defendant, and it and its sureties appeared and defended in the garnishment suit. The act provides, that in such cases "such defendant may make any defense which the defendant in garnishment could make in such suit."

The court rendered judgment in favor of the plaintiff for the amount of its debt, both against the city as garnishee and against the debtor and the sureties on its bond.

If the city was subject to the writ of garnishment, it may be very well questioned whether a judgment against it for the debt was proper after it had in obedience to the law paid the money to the debtor upon his giving security to the plaintiff. We deem it unnecessary now,

however, to further consider or to decide this issue, as in our opinion the provision of the charter of the city exempting it from liability as a garnishee must be enforced.

The bond given by the debtor is only necessary or proper when there is a garnishee lawfully charged with liability through the garnishment proceedings, and the exemption of the garnishee must inure to the benefit of the bondsmen.

The judgment is reversed and the cause is dismissed.

*Reversed and dismissed.*

Delivered February 5, 1892.

A motion for rehearing was refused.