## TOLLE v. CITY OF NEW BRAUNFELS.

(Court of Civil Appeals of Texas. Austin. Feb. 5, 1913. On Motion for Rehearing, March 5, 1913.

1. STATUTES (§ 90*)—SPECIAL AND LOCAL LAWS—MUNICIPAL CORPORATIONS.

Act Feb. 15, 1911 (Acts 32d Leg. c. 112), which authorizes the city of New Braunfels to condemn lands, etc., in constructing public utilities, violates Const. art. 3, § 56, and article 11, § 5, which prohibit the Legislature from changing the charters of cities of less than 10,-000 population by local or special law.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 98–100; Dec. Dig. § 90.*]

2. STATUTES (§ 90*)—SPECIAL LAWS—"REGULATE."

The word "regulate," as applied to charter regulation of municipal affairs, is given diverse construction, some courts construing it in a restricted sense, while others give it a liberal construction.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 98–100; Dec. Dig. § 90.*

For other definitions, see Words and Phrases, vol. 7, pp. 6041–6047; vol. 8, p. 7782.]

On Motion for Rehearing.

3. EMINENT DOMAIN (§ 9*)—POWER TO EXERCISE—MUNICIPAL CORPORATIONS.

Rev. Civ. St. 1911, arts. 1003–1005, authorizing cities to condemn land to construct water mains, supply reservoirs or standpipes, does not authorize condemnation for a light plant, nor condemnation of the right to flood lands in maintaining waterworks.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 27–34; Dec. Dig. § 9.*]

Appeal from Comal County Court; Adolf Stein, Judge.

Condemnation proceeding by the City of New Braunfels against Gus Tolle. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

A. B. Storey, Bryan F. Williams, and Marcus W. Davis, all of San Antonio, for appellant. H. G. Henne, of New Braunfels, for appellee.

KEY, C. J. [1] On February 15, 1911 (Acts 32d Leg. c. 112), the Legislature passed what it regarded as a special law, and which act undertook to confer upon the city of New Braunfels power to construct, maintain, and operate, within and without the city limits, a waterworks system and electric light system and any other public utilities; and, in order to accomplish the purposes stated, the act authorizes the city, among other things, to condemn, or acquire by eminent domain proceedings, any lands, waters, springs, rivers, riparian rights, pumps, waterwheels, rams, and dams upon making compensation therefor in the manner prescribed by law. It also prescribes that the laws prescribing procedure by railroad corporations in condemning and acquiring property shall apply to and govern the city of New Braunfels in condemnation proceedings. October 12, 1911, the city of New Braunfels filed an application with the county judge of Comal county, in which it was stated that it was a municipal corporation, containing over 1,000 inhabitants, and incorporated under the general laws of the state, and under title 18 of the Revised Civil Statutes (articles 605–702). The undisputed proof shows that it had a population of less than 10,000 and about 3,000. The application invoked the authority of the statute referred to, designating it as a special law, and stated, among other things, that Gus Tolle was the owner of certain riparian and water rights, which the city desired, in order to construct, maintain, and operate a certain dam. It was further alleged that the water and riparian rights referred to would embrace the right by the construction of its proposed dam to cause the water in the Guadalupe river to be backed onto and over a

certain tract of land belonging to Gus Tolle. The petition or application contained other averments, and concluded with a prayer asking that commissioners be appointed as authorized by the Revised Statutes for the assessment of damages in condemnation proceedings by railroad companies, and that commissioners be required to take the necessary steps to assess such damages. Commissioners were appointed and qualified, and, after notifying Tolle, they made a report to the county judge assessing Tolle's damages at $100. That report was filed October 24, 1911, and on October 28, 1911, Gus Tolle, acting by his attorneys, filed in the county court an elaborate document, styled "Answer and objections of Gus Tolle." In that answer the statute hereinbefore referred to was assailed, and alleged to be null and void among other reasons because it was in conflict with certain provisions of the Constitution of this state. Before the trial Gus Tolle died, and his heirs were made parties to the suit, and both sides filed additional pleadings, the contents of which need not be stated. The case was tried in the county court of Comal county. The defendants' exceptions to the city's pleading, and their contention that the statute referred to was unconstitutional and void, and therefore did not authorize this proceeding, were overruled, and judgment rendered awarding to the city the riparian rights it sought to recover, upon its paying to the defendants $750, the amount of damages assessed by the jury; and the defendants have appealed.

The city of New Braunfels, having a population of less than 10,000, incorporated under the general laws of the state. When it incorporated in that manner, the provisions of the Revised Statutes prescribing the powers and duties of such municipal corporations became its charter; and, as the provisions of the Revised Statutes referred to do not confer upon such cities, towns, or villages the power and authority to condemn property by the method pursued in this case, the power to do so did not exist, if the special law under which this proceeding was instituted is unconstitutional and void. Section 4 of article 11 of the Constitution of this state prescribes that "cities and towns having a population of 10,000 inhabitants or less, may be chartered alone by general law," and section 5 of the same article provides that "cities having a population of more than 10,000 inhabitants may have their charters granted or amended by a special act of the Legislature." Section 56 of article 3 deals with legislative limitations, and declares "the Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law * * * regulating the affairs of counties, cities and towns, wards or school districts * * * incorporating cities, towns or villages or changing their charters. * * * And in all other cases where a general law can be made applicable, no local or special law shall be enacted." Counsel for appellants contend that the statute under which this proceeding was instituted is a special law, and that it is in conflict with the foregoing constitutional provisions. Counsel for appellee contend that, while it was enacted and has been designated by them as a special law, it is not so in fact; but, on the contrary, is a general law. In Hall v. Bell County, 138 S. W. 178, this court had occasion to make a thorough investigation of the authorities upon the question of what constitutes a special or local law, and we refer to the opinion in that case for our views upon the subject. In that case the Supreme Court granted a writ of error, and we have held up the decision of this case to wait until that case was finally decided. A few days ago the Supreme Court decided that case, and sustained the opinion of this court in holding that the statute there under consideration was a local or special law, and repugnant to that provision of the Constitution which prohibits the Legislature from passing a local or special law regulating the affairs of counties, cities, etc. Upon the authority of that case, and many others to the same effect, we hold that the statute here involved is a local or special law. And we also hold that it is repugnant to our Constitution, and must therefore be declared void. There are some authorities which hold that the provision of the Constitution which inhibits the Legislature from passing a local or special law in all cases where a general law can be made applicable is directory and not mandatory, and that the Legislature must be the sole judge in that respect; but, we do not find it necessary to pass upon that question.

Counsel for appellee further contend that the provision of the Constitution which requires cities and towns having a population of 10,000 inhabitants or less to be chartered by a general law does not deny to the Legislature the power to amend such charters by local or special law. Counsel for appellant, on the other hand, contend that when that provision is considered in connection with the section immediately following, which authorizes the Legislature to grant or amend charters of cities having a population of more than 10,000 inhabitants, the former should be construed as prohibiting the Legislature from amending the charters of cities or towns having a population of less than 10,000 by local or special laws. There is force in that contention, but we prefer to rest our decision upon the proposition that the statute in question violates section 56 of article 3, which prohibits the Legislature from incorporating cities, towns, or villages, or changing their charters by local or special law, except as otherwise provided in the Constitution. The only provision in the Constitution which authorizes the Legislature to incorporate or change the charters of cities and towns by

local or special law is section 5 of article 11; and it is limited by its terms to such cities and towns as have a population of more than 10,000 inhabitants.

[2] As before said, the charter of the city of New Braunfels is the provisions of the Revised Statutes prescribing the powers and duties of cities and towns; and, as that city had less than 10,000 inhabitants, the Constitution inhibited the Legislature from passing any local or special law which enlarged or restricted the powers of that municipality. We have not found it necessary to decide whether or not the statute here involved is one which regulates the affairs of the city of New Braunfels within the purview of the Constitution. There is some diversity of opinion as to what is the meaning of the word "regulate," and as to its application to a particular state of facts, some courts giving to the term "regulate" a somewhat restricted, and others giving to it a liberal, construction.

Appellants have assigned error upon the rulings of the court below overruling their contention, and sustaining the validity of the statute under consideration, and we sustain those assignments and reverse the case and render judgment for appellants.

Reversed and rendered.

### On Motion for Rehearing.

[3] This motion has been duly considered, and our conclusion is that it should be overruled. It is true, as stated in the motion, that appellee in the court below and in this court made the contention that its condemnation proceeding was authorized by our general statutory law, relating to the subject of condemnation by cities and towns; and, inasmuch as counsel for appellee is now pressing that contention, our reasons for overruling it will be briefly stated.

The law referred to is incorporated in articles 1003, 1004, and 1005 of the Revised Statutes of 1911. That law authorizes incorporated cities and towns to condemn private property for the following, and no other, purposes: (1) In order to open, change, or widen streets, avenues, or alleys; (2) for the construction of water mains, or supply reservoirs or standpipes for waterworks or sewers; (3) for the purpose of establishing thereon hospitals or pesthouses; and (4) for the purpose of constructing or maintaining sewer plants or systems. The condemnation proceeding in this case was instituted for and resulted in a judgment securing to the city of New Braunfels the right to back the water from its proposed dam over two strips of land belonging to appellant along the water line on each side of the Comal river. It is true that the city contended, and perhaps correctly, that it was necessary to thus flood appellant's land in order to construct and maintain the proposed water and light

plant for the city; but the statute now under consideration does not authorize the condemnation of any property for the purpose of establishing a light plant, and does not authorize condemnation of private property for use in connection with a water plant, except for the construction of water mains, supply reservoirs or standpipes. The city of New Braunfels was not seeking to condemn appellant's property for use for either of those purposes; and therefore the provisions of the general statute relating to the subject of condemnation do not sustain the contention of appellee's counsel.

Motion overruled.