VINCENT et al. v. STATE ex rel. WAYLAND et al. (No. 261–3478.)

(Commission of Appeals of Texas, Section B. Dec. 14, 1921.)

**1. Statutes ⬅77(1)—"Local act" and "special or private act" distinguished.**

A "local act" is an act applicable only to a particular part of the legislative jurisdiction, while a "special or private act" is a statute operating only on particular persons or private concerns.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Local Law; Private Act; Special Law.]

**2. Statutes ⬅90(1)—Act incorporating and defining powers, territorial limits, etc., of city held local or special act.**

Act March 29, 1917, incorporating the city of Plainview and granting it a charter defining its powers, territorial limits, etc., is a local or special act, being applicable in its terms only to that particular part of the legislative jurisdiction, and affecting only persons of the state within the boundaries of such city.

**3. Statutes ⬅67—Constitutional provision authorizing granting of charters or amendment thereof by special act of Legislature held completely superseded by amendment authorizing cities to adopt or amend charters.**

With the adoption (Gen. Laws 32d Leg. p. 284) of the present section 5 of Const. art. 11, authorizing cities of more than 5,000 inhabitants to adopt or amend their charter subject to limitations prescribed by the Legislature, the former section 5, authorizing the Legislature to grant or amend the charters of such cities by special act ceased to be in force, the new section taking the place of the old completely, so that, there being no other constitutional provision authorizing charters for cities by special act, the Legislature, in view of Const. art. 3, § 56, prohibiting the passage of local or special laws incorporating and regulating the affairs of municipalities, "except as otherwise provided in this Constitution," has no such authority.

**4. Statutes ⬅67—In determining validity of special act, Constitution must be interpreted as it was when act passed, and not as originally adopted.**

In determining the validity of the Special Act of March, 1917, incorporating the city of Plainview, Const. art. 3, § 56, prohibiting the passage of local or special laws incorporating and regulating the affairs of municipalities, "except as otherwise provided in this Constitution," must be construed, not as it read when originally adopted, but as it was at the time of the passage of such special act, which was, after the adoption of the amended section 5 of article 3, authorizing cities to adopt and amend their own charters; the Constitution as originally adopted providing for its own amendment, and that such amendment should become a part of "this Constitution" (art. 17, § 1).

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Constitutional law ⟐⟐48—Restraint on legislative power must be affirmatively shown.**

Since the state Constitution is not a document conferring defined and specified powers on the Legislature, as is the federal Constitution, but one regulating and limiting the general authority which the representatives of the people enjoy ipso jure by their organization into a legislative body, in which the people, in the exercise of their sovereignty, have vested their legislative power by Const. art. 3, § 1, the presumption is that the Legislature has the power to pass any given law, and, if restrained from so doing by the state Constitution, such restraint must be affirmatively shown to have been imposed.

**6. Constitutional law ⟐⟐48—Courts favor constitutionality of statute.**

The courts will always favor the validity of a legislative act, resolve doubts as to its constitutionality in its favor, assume that the legislative discretion has been wisely exercised, and adopt such construction of a doubtful statute as will harmonize with the Constitution and enable it to take effect.

**7. Constitutional law ⟐⟐45—Court must declare act unconstitutional in clear case.**

Where it is clear that an act is contrary to the Constitution, and that no authority for it existed, it is the duty of the court so to declare, whereupon the statute vanishes, and the Constitution prevails.

**8. Statutes ⟐⟐90(1)—Special act incorporating city held unconstitutional.**

Const. art. 3, § 56, prohibiting the passage of local or special laws incorporating and regulating the affairs of municipalities, "except as otherwise provided in this Constitution," expressly forbade the passage of Sp. Act March, 1917, incorporating the city of Plainview, defining its powers and territorial limits, etc., and the act is unconstitutional and void, there being no other provision of the Constitution authorizing its passage.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by the State, on the relation of J. H. Wayland and others, against Charles Vincent and others. From a judgment of the Court of Civil Appeals (217 S. W. 402), reversing a judgment for defendants and remanding the case, defendants bring error. Affirmed.

Kinder & Russell and Williams & Martin, all of Plainview, for plaintiffs in error.

L. D. Griffin, Co. Atty., W. W. Kirk, and Geo. L. Mayfield, all of Plainview, for defendants in error.

HAMILTON, J. This is a suit in the nature of quo warranto brought by the state of Texas, acting by and through L. D. Griffin, county attorney of Hale county, Tex., filed by him on the relation of J. H. Wayland et al., complaining of Charles Vincent et al., all residents of Hale county.

The petition alleges that on the 12th day of February, 1907, an election was held, according to law, for the purpose of incorporating the city of Plainview; that on the 28th day of February, 1917, the county judge of Hale county, by proper order, declared the result of the election to be in favor of incorporating the city, setting out the boundaries of the city so alleged to have been incorporated; that the incorporation had never been abolished or annulled, but is now valid and subsisting; that under that incorporation elections were legally held, and officers elected and qualified, and a regular municipal government begun and continuously conducted under that incorporation up to and until a pretended city government was undertaken by some of the defendants and others under cover of law, under and by virtue of a special act of the Legislature of the state of Texas; that in March, 1917 (Loc. & Sp. Acts 35th Leg. c. 142), the Legislature of Texas passed a special act entitled, "An act to incorporate the city of Plainview, Hale county, Texas, and to grant it a charter to define its powers and describe its territorial limits, duties, and liabilities, repealing all laws or parts of laws in conflict therewith, and declaring an emergency;" that the boundaries of the city were established by the act within which it is provided the city shall constitute a body politic and corporate, to be known by the name and designation of the "city of Plainview," with all the rights, powers, privileges, immunities, and duties therein granted and defined, setting out the boundaries of the city as given by the special act, and alleging that the boundaries thereof, as so provided, included territory in addition to that included in the original incorporation of the city, defining the powers of the city council and other officers, including mayor, aldermen, tax assessor and collector, city treasurer, secretary, marshal, superintendent of waterworks, etc.; providing the qualifications of officers and employees of the city so constituted, and prescribing and giving it certain taxing powers named in the act, prescribing for a board of equalization and the right to pass ordinances, defining its police powers, streets, and public grounds, prescribing fire regulations, sanitation, and general powers; that the emergency clause recites that the city of Plainview is in need of the benefit of this act, the present law covering said city being inadequate; and further alleging that the relators were respectively and individually owners, and owned, at the time of the passage and approval of said special act, lying wholly without the limits of said corporation first herein mentioned, and between the boundaries thereof and the boundaries or limits of the city as prescribed by the special act, real estate which is described in the petition; that the

pretended officers have levied taxes on relators' property so situated, and are threatening to collect those taxes and are threatening to seize and sell such property for delinquent taxes under and by virtue of the provisions of the special act.

The petition attacks the special act, alleging it to be null and void, alleging it to be in violation of section 56 of article 3 of the Constitution of Texas, prohibiting the Legislature from incorporating such towns as Plainview was at the time of the passage of the act, and that the special act was in direct conflict with and contravention of section 5, art. 11, of the Constitution of Texas, which confers upon the qualified voters of such cities as Plainview was, at the time of the passage of the act, the authority of a majority of its citizens to incorporate for municipal purposes and to adopt a charter; that it was in conflict with articles 1077 and 1078 of the Revised Civil Statutes of the state of Texas, in that it attempts to abolish the incorporation by the qualified voters of the city of Plainview permitted and prescribed by those articles, thereby depriving the qualified voters of their legal right to abolish the corporation by the methods prescribed therein; and that the act is in conflict with articles 1096a and 1096b of Vernon's Sayles' Civil Statutes of the state of Texas, because it deprives the qualified voters, residing in the territory set out in the special act, of the right to incorporate for municipal purposes and to adopt a charter by the method prescribed in those articles; and further alleging that the defendants are asserting the right to the respective offices provided for in the act by virtue of a pretended election covering the territory, included in the boundaries defined by the special act; and praying that relators have judgment decreeing the special act incorporating the city of Plainview void, and that the defendants be ousted from their respective offices, etc.

The trial court sustained a general demurrer to the petition. Plaintiffs appealed, and the Court of Civil Appeals at Amarillo reversed the judgment of the District Court and remanded the case, holding the Special Act of March, 1917, incorporating Plainview, to be unconstitutional. 217 S. W. 402. Upon application of appellees to the Supreme Court, a writ of error was granted.

Plaintiff in error's first assignment of error is that the Court of Civil Appeals erred in holding, in its opinion and judgment, that the Special Act of the Legislature of Texas approved March 29, 1917, incorporating and granting a charter to the city of Plainview, as alleged, was in conflict with and violation of section 56, art. 3, of the Constitution of Texas.

Section 56 of article 3 of the Constitution of this state, among other things, says:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law * * * regulating the affairs of counties, cities, towns, * * * incorporating cities, towns or villages, or changing their charter; * * * creating offices, or prescribing the power and duties of officers, in counties, cities, or towns," etc.

Was the act incorporating the city of Plainview, regulating its affairs, creating its offices, and prescribing the powers and duties of its officers, as alleged in the petition, a local or special law of the Legislature?

[1, 2] A local act is an act applicable only to a particular part of the legislative jurisdiction. A special or private act is a statute operating only on particular persons or private concerns. 36 Cyc. 986, and authorities there cited. The act under consideration was applicable, in its terms, only to that particular part of the legislative jurisdiction of the Texas Legislature comprised within the boundaries defining the city of Plainview, as set out in the special act and in the petition, and affected only persons of this state in those limits. That the act was local or special cannot be denied. Altgelt v. Gutzeit, 109 Tex. 123, 201 S. W. 400; Bell County v. Hall, 105 Tex. 558, 153 S. W. 121; Clark v. Finley, 93 Tex. 175, 54 S. W. 343; City of Dallas v. Western Electric Co., 83 Tex. 243, 18 S. W. 552; Ward v. Harris (Tex. Civ. App.) 209 S. W. 792; Powell v. Charco Ind. School Dist. (Tex. Civ. App.) 203 S. W. 1178; Tolle v. City of New Braunfels (Tex. Civ. App.) 154 S. W. 345.

[3] Is it "otherwise provided in this Constitution," the Constitution of Texas, that the Legislature thereof may pass "any local or special law incorporating cities, towns, or villages, or changing their charter," or "creating offices, or prescribing the powers and duties of officers, in * * * cities and towns?" It is not.

At the time section 5 of article 11, as it now stands, was adopted, November 5, 1912, the Constitution provided that "cities having more than five thousand inhabitants may have their charters granted or amended by special act of the Legislature," etc.; but the adoption of that section at that time substituted for the old section, from which the quotation above was taken, the present section 5, reading as follows:

"Cities having more than five thousand (5,-000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the state, or of the general laws enacted by the Legislature of this state; * * * and provided further, that no city charter shall be altered, amended or repealed oftener than every two years."

Previous to the adoption of the quoted section there could have been no question of the authority of the Legislature to pass such an act as that under consideration. In fact many such acts were passed, and now are valid subsisting laws on which city governments are founded and are being administered. But with the adoption of that section the old one, for which it was substituted, ceased to be of force, and the power it gave the Legislature no longer existed. The House joint resolution proposing the amendment begins as follows:

"Be it resolved by the Legislature of the state of Texas:

"Section 1. That section 5 of article 11 of the Constitution of the state of Texas be amended so as to hereafter read as follows."

Then follows section 5 as above set out. General Laws of Texas, Thirty-Second Legislature, p. 284. It is clear that section 5 of article 11 as it now stands took the place of the old section completely.

"Where a Constitution is revised, the new provisions come into operation at the same moment that those they take the place of cease to be of force." Cooley's Constitutional Limitations, p. 96.

Since November 5, 1912, section 5 of article 11 has not only contained no provision authorizing charters of cities granted or amended by special act of the Legislature, but has provided for such charters and their amendment in an entirely different manner. There is no other portion of the Constitution authorizing charters for cities by special act of the Legislature.

[4] Plaintiffs in error insist that amendments to the Constitution are not considered as if they had been parts of the original instrument, but are considered in the nature of codicils or second instruments, and that, in construing section 56 of article 3, we cannot have in mind the reading of section 5 of article 3 as now amended, but must find the meaning and effect of section 56 from the Constitution as it read when originally adopted and before the adoption of the amendment; that "this Constitution" meant the Constitution of 1876 as it was at the time of its adoption. That Constitution provided for its own amendment, and stated, in the section so providing, that an "amendment" so receiving the majority of the the votes cast shall become a part of this Constitution. Article 17, § 1. Therefore the contention cannot be sustained. This Constitution, as far as this case is concerned, means the Constitution of Texas as it was at the time of the passage of the special act incorporating Plainview.

[5] Since it is not "otherwise provided in this Constitution," what is the construction of that portion of section 56, art. 3, hereinbefore quoted?

In this country the people of the states are sovereign. In them all power rested originally. They delegated some of this power to the federal government, in its formation, as written in the Constitution of the United States. In the exercise of that sovereignty the people of Texas formed the state Constitution. All other lawmaking bodies are subordinate, and the enactments of such bodies must conform to the supreme law, else they will perish at its touch. In that Constitution they placed such limitations upon their officers and agents, and, indeed, upon themselves, as a body, as to them seemed best. Whatever of their sovereign powers were not thus delegated to the federal government or restricted by their own voluntary act in the formation of their state government, they are left free to exercise in their collective capacity, or through their officers and agents. They vested their legislative power in the Legislature by the terms of their own Constitution, art. 3, § 1.

"The theory of our political system is that the ultimate sovereignty is in the people, from whom springs all legitimate authority. The people of the Union created a national Constitution, and conferred upon it powers of sovereignty over certain subjects, and the people of each state created a state government, to exercise the remaining powers of sovereignty so far as they were disposed to allow them to be exercised at all. By the Constitution which they establish, they not only tie up the hands of their official agencies, but their own hands as well; and neither the officers of the state, nor the whole people as an aggregate body, are at liberty to take action in opposition to this fundamental law." Cooley's Constitutional Limitations, p. 56.

The national government is an artificial creation, having no powers except those conferred by the federal Constitution which created it. The state government is a natural growth, possessing prima facie all of the powers whatsoever incident to any government. When a question arises whether the state Legislature has the power to pass a law, the presumption is that it can do so; and it can do so unless it is positively inhibited from doing so. It may be restrained by an inhibition either in the federal Constitution or in the Constitution of this state. If restrained by the state Constitution, such restraint must be affirmatively shown to have been imposed. The state Constitution is not a document conferring defined and specified powers on the Legislature, but one regulating and limiting that general authority which the representatives of the people enjoy ipso jure by their organization into a legislative body.

[6, 7] The courts are made the ultimate expounders of the meaning of the Constitu-

tion, by its own terms. In exercise of that authority, they claim no judicial supremacy; they are only the administrators of the public will deliberately expressed in the one great paramount law of the state made by them—the Constitution. When an act of the Legislature is held void, it is not because the courts have any control over the legislative power, but because the act is forbidden by the Constitution, and because the will of the people, as declared therein, is paramount to that of their representatives expressed in any law. The courts merely secure to each kind of law its due authority. They do not even preside over a conflict and decide it, for the relative strength of each kind of law—the Constitution and the statutes—has been settled already. All the court does is to find and declare that a conflict exists between two laws of different degrees of authority. Then the question is at an end, for the weaker law is extinct. It is a well-established rule that the court will always lean in favor of the validity of a legislative act; that, if there be a reasonable doubt as to the constitutionality of a statute, the court will solve the doubt in favor of the statute; that, where the Legislature has been left a discretion, the court will assume that the discretion has been wisely exercised; that where the construction of a statute is doubtful it will adopt such construction as will harmonize with the Constitution, and enable it to take effect. But, where it is clear that the legislative act is contrary to the Constitution, no authority for its enactment existed, and it is the duty of the court so to declare. Thereupon the statute vanishes, and the Constitution prevails.

[8] Section 56 of article 3 of the Constitution of Texas specifically declares that such an act as that in question in this case shall not be passed by the Legislature of this state, "except as otherwise provided in this Constitution." There is no other provision of the Constitution authorizing the passage of the act of the Legislature, incorporating Plainview, nor was there any such provision at the time of the passage of the act. Therefore the Constitution expressly forbade its passage, and the act is positively contrary to the supreme law of the state. The act is unconstitutional and void.

What we have said makes it unnecessary to pass on the other assignments of error shown in the application, and we recommend that the judgment of the Court of Civil Appeals reversing and remanding the case be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the court.

⬭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes