## BELL COUNTY v. W. E. HALL.

### No. 2338. Decided January 29, 1913.

**Constitutional Law—Counties—Local or Special Law.**

Article 3, section 56, of the Constitution, prohibiting the Legislature from passing any local or special law regulating the affairs of counties, renders invalid the Act of April 1, 1909, Laws, 31st Leg., p. 238, exempting Bell County from the operation of the laws placing the supervision of the financial affairs of counties having a population of 40,000 under the supervision of a county auditor (Act of April 22, 1905, Laws, 29th Leg., p. 381; amended by Act of April 24, 1907, Laws, 30th Leg., p. 315).

Error to the Court of Civil Appeals, Third District, in an appeal from Bell County.

Hall sued Bell County and appealed from a judgment for defendant. This being reversed and remanded, the county obtained writ of error.

*A. L. Curtis*, for plaintiff in error.—The Legislature may pass an act exempting certain counties from the operation of the general law, without violating the Constitution, without the legal notice required by section 56 of article 3 of the Constitution for the passage of local and special laws. Such an Act is not a local or a special law, but an exception to the general law. Beyman v. Black, 47 Texas, 556; Robertson v. State, 42 Texas Crim., 599; Clark v. Finley, 93 Texas, 179; Smith v. Grayson County, 44 S. W., 921.

*W. S. Banks*, for defendant in error.—The Act of the Twenty-ninth Legislature known as the "County Auditors Law," being Chapter 161, page 381, of the printed Acts of said Legislature, was a general law, and as amended by the Act of the Thirtieth Legislature, being Chapter 168, page 315, of the printed Acts of said Legislature, continued to be a general law. Acts of 29th and 30th Legislatures above referred to; Clark v. Finley, 93 Texas, 171; Green v. State, 49 Texas Crim., 380; Brown v. State, 54 Texas Crim., 121; Smith v. State, 54 Texas Crim., 298; Commonwealth v. Patton, 88 Pa., 258; State v. Wood, 49 N. J. L., 85; In Re. Church, 92 N. Y., 1.

Said Act of the Thirty-first Legislature, being a local or special law, it is invalid because the same is one "regulating the affairs of counties" and is prohibited by section 56, article 3 of the Constitution of the State of Texas. The Act (Thirty-first Legislature, page 238) is a local and special law. Maxwell v. Tillamook Co., 20 Ore., 495; Miller v. Kister, 68 Calif., 142; Edmunds v. Herbrandson (N. D.), 14 L. R. A., 725; State v. Wood, 49 N. J. L., 85; State v. Inhabitants of Bloomfield, 47 N. J. L., 442; Commonwealth v. Patton, 88 Pa. St., 258; State v. Hill (Mo.), 47 S. W., 798; State v. Somers' Point, 52 N. J. L., 32; Davis v. Clark, 106 Pac., 377; State v. Winsor, 48 N. J. L., 95; Clark v. City of Cape May, 50 N. J. L., 558; State v. Boyd, 19 Nev., 43; Mathis v. Jones, 84 Ga., 804; State v. Mayor, etc., Newark, 53 N. J. L., 886; Ex Parte Jentzsch, 112 Calif., 468; Commissioners

v. Rosche, 50 Ohio St., 103; State v. Bradshaw, 56 N. J. L., 1; Pasadena v. Stimson, 91 Calif., 238; Morrison v. Bachert, 112 Pa. St., 322; In Re. Henneberger, 155 N. Y., 430; Manning v. Klepperl, 9 Ore., 367; Roberson v. Perry, 17 Kans., 248; Pope v. Phifer, 50 Tenn., 682; Darling v. Rogers, 7 Kans., 592; Omnibus Ry. Co. v. Baldwin, 57 Calif., 160.

It regulates the affairs of Bell County: Morrison v. Bachert, 112 Pa., 332; State v. Winsor, supra; State v. Hammer, 42 N. J. L., 435; State v. Mayor of Newark, supra; Lodi v. State, 51 N. J. L., 402; State v. McInery (Ky.), 87 S. W., 1085; State v. Windsor, supra; State v. Powers, 30 Ohio St., 54; Bingham v. City of Camden, 40 N. J. L., 156; Pell v. City of Newark, 40 N. J. L., 550.

Statutes in Pari Materia: State v. Mayor of Newark, supra; Darling v. Rogers, supra.

As to Classification of Counties: Clark v. Finley, 93 Texas, 171; State v. Hammer, 42 N. J. L., 435; State v. Inhabitants of Bloomfield, supra; Costello v. Village of Wyoming, 49 Ohio St., 202; Lodi v. State, supra; State v. Somers Point, supra; Davis v. Clark, supra; Miller v. Kister, supra; Edmunds v. Herbrandson, supra; State v. Winsor, supra; Clark v. City of Cape May, supra; State v. Wood, supra; Commonwealth v. Patton, supra; State v. Bradshaw, supra; Pasadena v. Stimson, supra; State v. McInery, supra.

Classified for one purpose is not for all purposes. Pasadena v. Stimson, supra; Marsh v. Hanly, 111 Calif., 368.

No local or special law where general is applicable. State v. Hill (Mo.), 47 S. W., 798; Ex Parte Jentzsch, supra; Pasadena v. Stimson, supra; State v. McInery, supra; State v. Lewis, 109 Calif., 493; State v. Granneman, 132 Mo., 326; Gray v. Crockett, 1 Pac., 50.

Validity a judicial question. Sutherland Stat. Const., sec. 118, p. 146; Clark v. Finley, 93 Texas, 171; Costello v. Village of Wyoming, supra; Edmunds v. Herbrandson, supra; Lloyd v. Smith (Pa.), 35 Pac., 199; Appeal of Ayars (Pa.), 2 L. R. A., 577-583.

General Law, if suspended, must be in whole. Cooley Const. Lim., 482; Miller v. Kister, supra.

Uniformity. State v. Supervisors, 25 Wis., 339-347; State v. Dausman, 28 Wis., 541; Rathborn v. Board of Commissioners, 73 Fed. (C. C. A.), 395-400.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

By Act of the 29th Legislature, as amended by Act of the 30th Legislature, there was created the office of auditor for all counties in the State having as large population as 40,000 inhabitants, or containing a city with as many as 25,000 inhabitants. Bell county was within the law, and under it W. E. Hall became the auditor for that county. Thereafter it was enacted by the 31st Legislature that Bell County should be exempt from the provisions of the law, and under the authority of such act the Commissioners' Court of the county refused to longer recognize Hall as the county auditor or pay his salary. He brought this suit to compel the observance of his right to discharge the duties of the office and the payment of its salary. A general demurrer to his petition was sustained by the trial court.

The case turns upon the constitutionality of the Act of the 31st Legislature, which, as stated, exempted Bell County by name from the operation of the County Auditors law. Section 56 of Article III of the Constitution provides:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing   *   *   *

"Regulating the affairs of counties, etc."

The Honorable Court of Civil Appeals for the Third District held on this appeal that the Act was within the constitutional prohibition. 138 S. W., 178. Upon a careful consideration of the question we concur in this conclusion, and do not regard it necessary to supplement the able opinion written in the case by Chief Justice Key. In relieving Bell County from the operation of the general law, this act in effect changed the administration of its affairs in every particular provided by the general law, and thus by indirection regulated its affairs as effectually as though it had directly and affirmatively prescribed a different method for their management. The judgment of the Court of Civil Appeals reversing the judgment of the District Court and remanding the cause, is affirmed.

*Affirmed.*