**STATE ex rel. PEYTON v. CASTLEBERRY. (No. 1520.)**

(Court of Civil Appeals of Texas. El Paso. April 19, 1923.)

**Inspection ⚷2—Statutes ⚷35½—Enactment requiring appointment of inspector of hides and animals held "local law," and invalid because not submitted to freeholders.**

Acts 34th Leg. (1915) c. 13, approved Feb. 18, 1915 (Vernon's Ann. Pen. Code 1916, art. 1415), requiring the Governor to appoint an inspector of hides and animals in each of five particular counties, *held* a "local law" within Const. art. 16, § 23, and void because not submitted to, and approved by, the freeholders of the section affected.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Local Law.]

Appeal from District Court, El Paso County; P. R. Price, Judge.

Proceeding in the nature of a quo warranto by the State on the relation of Joe C. Peyton against R. L. Castleberry. From a judgment dismissing the suit, plaintiff appeals. Reversed and remanded.

C. L. Vowell and Morrow & Armstrong, all of El Paso, for appellant.

C. L. Galloway and Ponder S. Carter, both of El Paso, for appellee.

HIGGINS, J. This is an information in the nature of a quo warranto filed by the state of Texas through its district attorney, upon the relation of Joe C. Peyton and another against R. L. Castleberry to test the right of Castleberry to hold the office of inspector of hides and animals in El Paso county, and exercise the functions and prerogatives of such office.

The material allegations of the petition are that Castleberry is assuming to hold such office and exercise such functions and prerogatives under the provisions of an act of the 34th Legislature, chapter 13 of the General Laws, approved February 18, 1915 (Vernon's Ann. Pen. Code 1916, art. 1415), that such act was a local law, was never submitted to the freeholders of the section to be affected thereby, and therefore in violation of section 23, art. 16, of the state Constitution, and void; that if such act was ever a valid law it had been repealed, in so far as it related to El Paso county, by chapter 21 of the General Laws of the 37th Legislature (Vernon's Ann. Civ. St. Supp. 1922, art. 7305).

A general demurrer to the petition was sustained and, the plaintiff declining to amend, the suit was dismissed.

The act, the validity of which is attacked, reads:

"An act to require the Governor of Texas to appoint an inspector of hides and animals in each of the following counties, to wit: El Paso, Cameron, Lamb, Hidalgo, and Starr, and to place said counties under the provisions of articles 7256 to 7304, inclusive, Revised Civil Statutes of 1911, and declaring an emergency.

"Be it enacted by the Legislature of the state of Texas:

"Section 1. That the Governor of Texas shall immediately appoint an inspector of hides and animals for each of the following counties, to wit: The counties of El Paso, Cameron, Hidalgo, Lamb, and Starr each of whom shall hold his office for a term of two years and until the election and qualification of his successor. That said counties of El Paso, Cameron, Lamb, Hidalgo and Starr shall be subject to all the provisions of articles 7256 to 7304, inclusive, Revised Civil Statutes of Texas, 1911, except that the inspector shall be elected in each of said counties at the first general election held after appointment herein authorized."

See chapter 13, General Laws (Reg. Sess.) 34th Legislature.

Section 23, art. 16, of the state Constitution, provides:

"The Legislature may pass laws for the regulation of live stock, and the protection of stock raisers in the stock-raising portion of the state, and exempt from the operation of such laws other portions, sections or counties; and shall have power to pass general and special laws for the inspection of cattle, stock and hides, and for the regulation of brands; provided, that any local law thus passed shall be submitted to the freeholders of the section to be affected thereby, and approved by them before it shall go into effect."

In Armstrong v. Traylor, 87 Tex. 598, 30 S. W. 440, this section of the Constitution was construed, and Chief Justice Gaines said:

"That section 23 of article 16 of the Constitution authorized the Legislature to pass a law regulating live stock, making it applicable to the entire state, or it might have exempted any county or counties from the operation of such law. The Legislature might also have enacted a law regulating live stock in any given county or in any subdivision of such county, or it might, as it did in this instance, pass a law not to be in force in any county or part of a county until adopted. In case of passing a local law either directly applicable to a particular locality, or a general law to be applied by a vote to a locality, such law could not be made operative until it was adopted by a vote of the freeholders of the locality or section to be affected. The power to pass a general law upon this subject is given by the first part of the section; but the authority to pass a local law is conferred by the proviso of the section which prescribes the condition, that it shall not go into effect except upon the vote of the freeholders of that section of the county."

Under the plain terms of the quoted section of the Constitution and the language of Judge Gaines construing the same the act of

the 34th Legislature, if a local law, requires that it shall be submitted to the freeholders of the section to be affected thereby. The operation of the act by its terms confines its operation to the five counties named therein, and under all of the authorities is a local law. Clark v. Finley, 93 Tex. 171, 54 S. W. 343; Vincent v. State (Tex. Com. App.) 235 S. W. 1084; Commissioners v. Garrett (Tex. Com. App.) 236 S. W. 970; Hall v. Bell County (Tex. Civ. App.) 138 S. W. 178, affirmed by the Supreme Court, 105 Tex. 558, 153 S. W. 121.

The act in question, being a local law, violates the quoted section of the Constitution, which requires that it shall be submitted to the freeholders of the section to be affected thereby, and is therefore void. This ruling renders it unnecessary to pass upon other questions presented in the briefs.

Reversed and remanded.