## LORAINE KING V. THE STATE.

No. 10208. Delivered November 3, 1926.

Rehearing denied State December 22, 1926.

1.—Vagrancy—Corporation Courts—Legislative Authority—Constitutional Limitations.

Under authority of Art. 11, Sec. 5, of the constitution, as that section read in 1911, the legislature granted a charter to the City of Port Arthur in which there was established a recorder, or corporation court, the jurisdiction of which conformed to the general laws pertaining to such courts, embraced in Art. 62, C. C. P. 1925, old code Art. 109b.

2.—Same—Continued.

In November, 1922, the inhabitants of that city, acting in accord with the home rule amendment to the constitution, adopted in 1912, changing Sec. 5 of Art. 11, and the enabling act thereunder as is found in Chapter 17, Title 22, Vernon's Civ. Stats., 1924, and Title 28, Chapter 13, Revision of 1925, amended certain articles of the city charter, but made no change in the part thereof pertaining to the corporation court.

3.—Same—Continued.

By an Act of the Legislature passed in 1923, Thirty-eighth Leg., Chap. 43, Reg. Session, there was created in the City of Port Arthur, a corporation court, which was given concurrent jurisdiction with the justice courts and with the county courts of Jefferson County, in all criminal cases within the territorial limits of the city, and subsequently, in 1925, the people amended the charter of Port Arthur, embracing therein the provisions of the Act of the Legislature above mentioned.

4.—Same—Continued.

By the adoption in November, 1912, of the amended Art. 11, Sec. 5, of the constitution, the power of the legislature to grant or amend the charter of a city of 5,000 inhabitants, was expressly withdrawn, leaving the authority of the legislature to grant or amend charters of cities under the provisions of Art. 3, Sec. 56, which provides that the legislature shall not pass any local or special laws authorizing incorporated cities or towns or villages to change their charters.

5.—Same—Continued.

The legislature was without authority to change the charter of the City of Port Arthur, it being a city of more than 5,000 inhabitants, and the Act of the Thirty-eighth Legislature, Chap. 43, Reg. Session, creating the corporation court of the City of Port Arthur is held to be void. Nor can it become effective by the amendment of the charter of Port Arthur under the home rule amendment, for the reason that the jurisdiction and general characteristics of the court sought to be created are in conflict with the general laws of the state, as contained in Art. 1195, Rev. Stats. of 1925. See Eastham v. Steinhagen, 111 Texas, 600, and numerous other cases cited in the original opinion in this case.

6.—Same—Corporation Court—Of Port Arthur—Held Unconstitutional.

The corporation court of Port Arthur being without constitutional authority, the conviction of the appellant in said court was null and void, and the judgment is set aside and the prosecution ordered dismissed.

**7.—Same—"Local Laws" or "Special Laws"—Rule of Construction.**

In determining whether a law is a local or special law, the subject matter of the legislation and the history incident to it must be considered. The amendment of the constituion in 1912 expressly withdrew from the legislature the right to amend charters of cities of more than 5,000 inhabitants, which had theretofore been exercised by the legislature under Sec. 5, Art. 11, of our constitution. Nor could the act of the legislature creating the corporation court of Port Arthur be aided in any way by the adoption of said act by the inhabitants of Port Arthur in amending their charter, and embracing within it such Act of the Legislature.

Appeal from the Corporation Court of the City of Port Arthur. Tried below before the Hon. R. G. Robertson, Judge.

Appeal from a conviction of vagrancy, penalty a fine of ten dollars.

The opinion states the case.

*Rose & Johnson* of Port Arthur, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—At the time of writing the original opinion, the charter provisions of the City of Port Arthur were not at hand. They are open to consideration on this hearing; therefore, the original opinion filed is withdrawn, and in lieu thereof the following is substituted:

Appellant was charged, tried and convicted in the Corporation Court of the City of Port Arthur of the offense of vagrancy and against her was assessed a fine of ten dollars.

Acting under the authority of Article 11, Section 5, of the Constitution, as that section read in 1911, the Legislature, by special act, granted a charter to the City of Port Arthur. See Gammel's Laws of Texas, Vol. 15, p. 569, etc. Among the provisions of the charter was the establishment of a recorder's or corporation court, the constitution and jurisdiction of which conformed to the general law pertaining to such courts embraced in Article 62, C. C. P., 1925, Old Code, Art. 109b. The jurisdiction in criminal matters embraced violations of the ordinances of the city and offenses within the purview of the justice court, and allowed appeals to the county court. In November, 1922, the inhabitants of the city, acting in accord with the home rule amendment to the Constitution adopted in 1912, changing Sec-

tion 5 of Article 11, and the enabling act thereunder as found in Chapter 17, Title 22, Vernon's Tex. Civ. Stat., 1924, and Title 28, Chap. 13, Revision of 1925, amended certain articles of the charter, but made no change in the part thereof pertaining to the court.

In 1923 the legislature passed an act, the caption of which is as follows:  ·

"An Act to establish and create a court to be known as the 'Corporation Court in Port Arthur, Texas,' and to prescribe its organization, jurisdiction and procedure, and to conform the jurisdiction and procedure of other courts thereto, repeal all laws in conflict herewith, and declaring an emergency."    (Acts of 38th Leg., Chap. 43, Reg. Sess.)

By the act there was created a court known as the "Corporation Court in the City of Port Arthur, Texas," which is given jurisdiction of criminal cases arising under the ordinances of the city, and concurrent jurisdiction with the justice courts in criminal cases arising under the laws of the state within the territorial limits of the city; also concurrent jurisdiction with the County Court at Law of Jefferson County and of the County Court of Jefferson County, and all criminal and juvenile cases within the territorial limits of the city.  The act provides for the selection of officers and for procedure different from that of the Corporation Court of the City of Port Arthur, as described in the chapter embraced in the act of 1911, supra.  The act declares that no appeals shall be allowed save to the Court of Criminal Appeals, and then only in cases in which the penalty assessed shall exceed a fine of twenty-five dollars.    (See Acts of 38th Leg., Reg. Sess., Chap. 43.)

Subsequently, in 1925, the inhabitants, following the procedure named in Chap. 13, Title 28, Art. 1170, known as the home rule enabling act, amended the charter of Port Arthur so as to embrace therein the provisions of the act of the legislature last above mentioned. The amendment established the court described in Chapter 43, supra, in lieu of the court embraced in the original grant in 1911, which, as stated above, was in accord with the general law touching the constitution of a corporation court.  In 1912, Art. 11, Sec. 5, was amended to read as follows:

"Cities having more than five thousand (5,000) inhabitants may by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the legislature, and providing that no charter or any ordinance passed

under said charter shall contain any provision inconsistent with the constitution of the state or of the general laws enacted by the legislature of this state."

Article 3, Section 56, of the constitution reads thus:

"The legislature shall not, except as otherwise provided in this constitution, pass any local or special law, authorizing: * *

"Incorporating cities, towns or villages, or changing their charter. * * *

"And in all other cases where a general law can be made applicable, no local or special law shall be enacted, etc."

Prior to November 5, 1912, it was expressly made competent by Art. 11, Sec. 5, of the constitution for the legislature, by special law, to grant or amend the charter of a city having more than 5,000 inhabitants. That power, however, was expressly withdrawn by the adoption in November, 1912, of the amended Art. 11, Sec. 5, quoted above.

The people, by amending the constitution and taking therefrom the legislative authority previously given in Art. 11, Sec. 5, to grant or amend charters of cities of more than 5,000 inhabitants, by special act, completely vacated that power and left Art. 3, Sec. 56, above quoted as the only provision of the constitution bearing upon the subject. That such was the effect has on several occasions been announced by the Supreme Court of this state. See Eastham v. Steinhagen, 111 Tex. Crim. Rep. 600; Vincent v. State, 235 S. W. 1084. The Act of the Thirty-eighth Legislature, having respect for its effect rather than its form, must be regarded as a special or local law. Cyc. of Law & Proc., Vol. 36, p. 986, and cases in note 75. Holding the attempt of the legislature to amend the charter of the City of Plainview, the Supreme Court, in Vincent v. State, supra, said:

"A local act is an act applicable only to a particular part of the legislative jurisdiction. * * * 36 Cyc. 986, and authorities there cited. The act under consideration was applicable, in its terms, only to that particular part of the legislative jurisdiction of the Texas legislature comprised within the boundaries defining the City of Plainview, as set out in the special act and in the petition, and affected only persons of this state in those limits. That the act was local or special cannot be denied. Altgelt v. Gutzeit, 109 Texas 123, 201 S. W. 400; Bell County v. Hall, 105 Texas, 558, 153 S. W. 121; Clark v. Finley, 93 Texas 175, 54 S. W. 343; City of Dallas v. Western Electric Co., 83 Texas 243, 18 S. W. 552; Ward v. Harris (Tex. Civ. App.) 209 S. W. 792; Powell v. Charco Ind. School Dist. (Tex. Civ. App.) 203

S. W. 1178; Tolle v. City of New Braunfels (Tex. Civ. App.) 154 S. W. 345."

Numerous other precedents are found in Words & Phrases, Second Series, Vol. 3, p. 169; also Vol. 4, p. 636. Among the instances in which the subject has been discussed with reference to laws touching municipal corporations, the following cases are pertinent: Eckerson v. City of Des Moines, 115 N. W. 177, 137 Iowa 452; State ex rel v. Port of Tillamook, 124 Pac. 637, 62 Oregon 332; Hubbard v. State ex rel Ward, 58 L. R. A. 655.

The impotency of the legislature to change the charter of a municipal corporation such as that of Port Arthur, having more than 5,000 inhabitants, precludes the recognition of any vitality in the act in question as a court. Nor can it become effective by the amendment of the charter of Port Arthur under the procedure named in the home rule amendment for the reason that the constitution, jurisdiction and general characteristics of the court, the creation of which is attempted, are inconsistent with the general law of the state prescribing the powers and jurisdiction of a corporation court. See Art. 1195, R. S. 1925.

In addition to the above, the statute apparently contravenes the general law of the state in several particulars. Among them are the following: The general law accords one convicted in the corporation court the right of appeal in the county court. See Vernon's Tex. Crim. Stat., Art. 920a, also Art. 921. In Title 1, Vernon's Tex. Crim. Stat., Vol. 2, it is said in Article 894:

"A defendant in any criminal action, upon conviction, has the right of appeal under the rules hereinafter prescribed."

In Article 895, it is provided that appeals from judgments by the district or county court in criminal actions shall be heard by the Court of Criminal Appeals; and Art. 897 authorizes appeals from the justice courts. With each of these general laws the amendment is in conflict.

In support of the validity of the court in question, we have been referred to the cases of Bennett v. State, 83 Tex. Crim. Rep. 523, and Ex Parte Bennett, 85 Tex. Crim. Rep. 315. In the cases mentioned, the validity of the court embraced in the special charter of the City of Texarkana was upheld. It cannot be denied that there is a marked similarity in the record in the present case with those in the Bennett cases, supra. At the time of the decisions in Ex Parte Bennett and Bennett v. State, supra, were rendered, the home rule amendment to the constitution and the enabling act passed thereunder were new, and so far as the writer is aware, they had not been construed by the courts. Since then, however, they have been construed,

their construction holding that since the home rule amendment to the constitution was made effective by appropriate legislation, the legislature is without power to amend a city charter of over 5,000 inhabitants by special act. That power has been expressly denied by Art. 3, Sec. 56 of the·constitution. Attention was drawn to this by the Supreme Court of this state in 1922 in the case of Eastham v. Steinhagen, 111 Tex. Rep. 597. See also Vincent v. State, 235 S. W. 1084.

In the attack upon the validity of the Texarkana Court, it was not the repeal of the constitutional provision under which the power was given the legislature to amend the charter by special law upon which reliance was had, but, with special stress, it was contended that in denying the right of appeal in certain cases, the law creating the Texarkana court was in conflict with the constitution of the state. In other words, it was contended that the right of appeal in all criminal cases arose from the constitution. Upon that point this court expressed the opinion that the privilege of appeal depended upon the statute. To that view we adhere. During the operation of the constitution of the republic, the right of appeal was made absolute by the constitution. See Dallam's Decisions, p. 396, in which note is taken of the fact that in the constitution of the United States there was a provision that the jurisdiction of the Supreme Court was to be exercised "with such exceptions and under such regulations as congress shall make." Upon the adoption of the present state constitution the same language was embraced. See Sec. 3, Art. 4, Const. of 1845. The Supreme Court subsequently recognized the distinction. See State v. Daugherty, 5 Tex. Rep. 3. Citation of other cases upon the same point will be found in Rose's Notes on Supreme Court Reports, Revised Edition, Vol. 3, p. 1125. The case of Laturner v. State, 9 Tex. Rep. 452, contains an expression to the effect that the right of appeal arose from the constitution and not from the statute. The expression was not necessary to the decision of the case. In making the announcement the court took no note of the previous case to which we have adverted, nor did it give effect to the obvious difference between the constitution of the republic and that of the state to which reference has been made. The language of the present constitution touching the appellate jurisdiction of the Court of Criminal Appeals is of essentially the same language as Sec. 3 of Art. 4 of the constitution of 1845. To the writer it seems clear that in adopting the constitutions of 1845 and 1876 the departure from the language used in the constitution of the republic, which was construed in the case

of Morton v. Gordon, Dallam's Decisions, p. 396, was intended to place the matter of appeal within the purview of the legislature. This view is in accord with the subsequent decisions of this court.

In the present appeal, it is also contended that certain constitutional provisions preclude the establishment of a trial court of record, such as the county court, at a place other than the county seat. As supporting this position, appellant refers to the opinion of the Supreme Court of this state in the case of Turner v. Tucker, 258 S. W. 149. Inasmuch as the other matters to which we have adverted are determinative of the present appeal, the point last mentioned is one upon which it is deemed unnecessary to announce a conclusion.

For the reason that the court in which the appellant was tried is not one legally established, the judgment of conviction is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

### ON REHEARING BY THE STATE.

HAWKINS, JUDGE.—The state has filed an able motion urging that we were in error in holding that the Act of the Legislature providing for the present court at Port Arthur was a "local" or "special" law. The motion frankly concedes that if the act in question is a "local" or "special" law the court's conclusion is correct.

Much has been written and much confusion has arisen about when a law is or is not a "local" or "special" law. The matter cannot be determined correctly except by reference to the subject matter of the legislation and the history incident to it. Having this in mind the question in the particular instance does not appear difficult of solution. Prior to the amendment of 1912, Sec. 5 of Art. 11 of our constitution read in part as follows:

"Cities having more than ten thousand inhabitants may have their charter granted or amended by *special act* of the Legislature. * * * "

From this language it would appear that the framers of the constitution themselves regarded and fixed upon such legislation the character of "special" or "local" laws. The legislature was being constantly called upon and responding thereto in creating and amending charters of cities until the amendment of the constitution in 1912 expressly withdrew from the legislature the right to enact such a law as it passed in 1923 creating the Port Arthur Corporation Court. This Act conferred no right upon the city to amend their charter in respect to their court and

thereby change the form and jurisdiction of it whereby it became inconsistent with the general law of the state prescribing the power and jurisdiction of a corporation court.

We have examined with interest the many authorities cited by the state's attorney in his motion and have also re-examined the authorities cited in our original opinion in support of the conclusion there announced. We think a review of the authorities not called for.

Believing our conclusions to be correct and supported both by reason and authority the state's motion for rehearing is overruled.

*Overruled.*