withdrew from the Legislature the right to enact such a law as it passed in 1923, creating the Port Arthur corporation court. This act conferred no right upon the city to amend their charter in respect to their court and thereby change the form and jurisdiction of it, whereby it became inconsistent with the general law of the state prescribing the power and jurisdiction of a corporation court.

We have examined with interest the many authorities cited by the state's attorney in his motion, and have also re-examined the authorities cited in our original opinion in support of the conclusion there announced. We think a review of the authorities not called for.

Believing our conclusions to be correct and supported both by reason and authority, the state's motion for rehearing is overruled.

---

### Ed STALCUP v. STATE.   (No. 10205.)

(Court of Criminal Appeals of Texas.   Nov. 3, 1926.   State's Rehearing Denied Dec. 22, 1926.)

Appeal from Corporation Court of Port Arthur; R. G. Robertson, Judge.

Rose & Johnson, of Port Arthur, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J.   The original opinion filed herein is withdrawn, and in lieu thereof the following is substituted:

Appellant was charged, tried and convicted in the corporation court of the city of Port Arthur of the offense of making an obscene and indecent exposure of his person, and against him was assessed a fine of $25.

Upon the authority of the opinion in the case of Loraine King v. State (No. 10208) 289 S. W. 69, this day decided, the judgment of conviction is reversed, and the prosecution ordered dismissed.

### On State's Motion for Rehearing.

HAWKINS, J.   For the same reasons appearing in opinion overruling the state's motion for rehearing in King v. State (No. 10208) 289 S. W. 69, the motion in this case is also overruled.

---

### Jack O'BURKE v. STATE.   (No. 10206.)

(Court of Criminal Appeals of Texas.   Nov. 3, 1926.   State's Rehearing Denied Dec. 22, 1926.)

Appeal from Corporation Court of Port Arthur; R. G. Robertson, Judge.

Rose & Johnson, of Port Arthur, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

---

MORROW, P. J.   The original opinion filed herein is withdrawn, and in lieu thereof the following is substituted:

Appellant was charged, tried and convicted in the corporation court of the city of Port Arthur of the offense of vagrancy, and against him was assessed a fine of $25.

Upon the authority of the opinion in the case of Loraine King v. State (No. 10208) 289 S. W. 69, this day decided, the judgment of conviction is reversed, and the prosecution is ordered dismissed.

### On State's Motion for Rehearing.

HAWKINS, J.   For the same reasons appearing in opinion overruling the state's motion for rehearing in King v. State (No. 10208) 289 S. W. 69, the motion in this case is also overruled.

---

### Rosa COMMELLIA v. STATE.   (No. 10207.)

(Court of Criminal Appeals of Texas.   Nov. 23, 1926.   State's Rehearing Denied Dec. 22, 1926.)

Appeal from Corporation Court of Port Arthur; R. G. Robertson, Judge.

Rose & Johnson, of Port Arthur, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J.   The original opinion filed herein is withdrawn, and in lieu thereof the following is substituted:

Appellant was charged, tried, and convicted in the corporation court of the city of Port Arthur of the offense of using abusive language, and against her was assessed a fine of $5.

Upon the authority of the opinion in the case of Loraine King v. State (No. 10208) 289 S. W. 69, this day decided, the judgment of conviction is reversed, and the prosecution ordered dismissed.

### On State's Motion for Rehearing.

HAWKINS, J.   For the same reasons appearing in opinion overruling the state's motion for rehearing in King v. State (No. 10208) 289 S. W. 69, the motion in this case is also overruled.

---

### Glenn OAKLEY v. STATE.   (No. 10210.)

(Court of Criminal Appeals of Texas.   Nov. 3, 1926.   State's Rehearing Denied Dec. 22, 1926.)

Appeal from Corporation Court of Port Arthur; R. G. Robertson, Judge.

A. W. Dycus, of Port Arthur, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J.   The original opinion filed herein is withdrawn, and in lieu thereof the following is substituted:

Appellant was charged, tried, and convicted in the corporation court of the city of Port Arthur of the offense of vagrancy, and against him was assessed a fine of $25.

Upon the authority of the opinion in the case of Loraine King v. State (No. 10208) 289 S. W. 69, this day decided, the judgment of conviction is reversed, and the prosecution is ordered dismissed.

### On State's Motion for Rehearing.

HAWKINS, J. For the same reasons appearing in opinion overruling the state's motion for rehearing in King v. State (No. 10208) 289 S. W. 69, the motion in this case is also overruled.

---

### Jimmie MONSOUR v. STATE.   (No. 10313.)

(Court of Criminal Appeals of Texas.  Dec. 22, 1926.)

Appeal from Corporation Court of Port Arthur; R. G. Robertson, Judge.

Elgin H. Blalock, of Port Arthur, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Appellant was tried and convicted in the corporation court of the city of Port Arthur of the offense of disturbing the peace.

The constitutionality of said court is assailed. The legal questions are the same as those discussed in the case of Loraine King v. State (No. 10208), decided the 3d day of November, 1926, 289 S. W. 69, in which the state's motion for rehearing is this day overruled.

Upon the authority of the King Case, the judgment in this cause is reversed, and the prosecution ordered dismissed.

---

### A. THIBADEAUX v. STATE.   (No. 9885.)

(Court of Criminal Appeals of Texas.  Dec. 22, 1926.)

Appeal from Corporation Court of Port Arthur; R. G. Robertson, Judge.

Dycus & Shivers, of Port Arthur, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction in corporation court of Port Arthur for carrying knuckles; punishment, fine of $100.

In the recent case of King v. State (No. 10208) 289 S. W. 69, motion for rehearing this day overruled, this court held the corporation court of the city of Port Arthur illegally created. This holding renders it unnecessary for us to discuss any of the contentions herein specifically made.

The court in which this prosecution was had being invalid, the judgment herein is reversed, and the prosecution ordered dismissed.

---

### KELLEY v. STATE.   (No. 10009.)

(Court of Criminal Appeals of Texas.  Dec. 8, 1926.)

1. **Grand jury ⟨⟩17—Indictment and information ⟨⟩137(2)—Court's striking names from list of grand jurors selected by commissioners held not ground for challenge to array or motion to quash indictment.**

That court struck certain names from the list of grand jurors selected by the jury commissioners *held* not to warrant sustaining of challenge to the array of grand jurors or of motion to quash indictment.

2. **Criminal law ⟨⟩1168(1)—Refusal to direct acquittal if money stolen was not $50 or over held immaterial, where conviction was for theft of less than $50.**

Where indictment charged theft of $50.25 in money, bill of exceptions complaining of refusal to direct acquittal if the evidence showed that the money alleged to have been stolen was not in the amount of $50 or over *held* immaterial, where jury found that defendant was guilty of theft of money less than $50.

3. **Criminal law ⟨⟩1119(2)—Bill of exceptions complaining of cross-examination, not showing extent of direct examination, held to disclose no error.**

Bill of exception, complaining that cross-examination of defendant's wife as to places which defendant had taken her after the alleged offense was not within scope of direct examination and was an attempt to prove flight of defendant by his wife, *held* defective and insufficient to disclose error, in absence of showing of extent of examination in chief.

4. **Criminal law ⟨⟩1170½(1)—Witnesses ⟨⟩344(2)—Impeachment of credibility of defendant's wife by showing that she had stayed at hotels of bad reputation held error requiring reversal.**

Cross-examination of defendant's wife as to her knowledge of the reputation of certain hotels at which she had stayed with defendant, and the admission of testimony of other witnesses as to the bad reputation of such places, for purpose of impeaching her credibility, *held* error and to require reversal.

Commissioners' Decision.

Appeal from District Court, Hopkins County; J. M. Melson, Judge.

Dike Kelley was convicted for the theft of property under the value of $50, and he appeals. Reversed and remanded.

Grover Sellers, of Sulphur Springs, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes