# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GROVER SELLERS
ATTORNEY GENERAL

This Opinion
Overrules Opinion
# O-6776

Honorable H. Pat Edwards
District Attorney
Records Building
Dallas 2, Texas

Dear Sir:

Opinion No. O-6846
Re: Constitutionality of H.B.
555, 49th Leg., 1945,
(Article 2327-a, V.A.C.S.),
concerning salaries of
court reporters.

We have received your letter of recent date requesting an opinion from this department on the above subject matter.

House Bill 555, Chapter 291, Acts of the 49th Legislature, 1945, is as follows:

"Section 1. That Article 2326, Chapter 13, Revised Civil Statutes of Texas, 1925, and all subsections of Article 2326, be and the same are hereby amended so as to hereafter read as follows:

"'Article 2326.

"'The official shorthand reporter of each Judicial District Court, civil or criminal, and the official shorthand reporter of each County Court at Law, civil or criminal, shall receive a salary of not less than Two Thousand, Four Hundred Dollars ($2,400) per annum and not more than Three Thousand, Seven Hundred and Fifty Dollars ($3,750) per annum. Said salary shall be fixed and determined by the District Judges of the Judicial Districts, civil or criminal, and the Judges of the County Court at Law, civil or criminal, who shall enter an order in the minutes

of the Court, in each county of the district, which shall be a public record and open for public inspection, stating specifically the amount of salary to be paid said reporter. The District Judge shall file a copy of said order with each Commissioners Court of the District. The salary shall be in addition to the transcript fees and traveling and hotel expenses of official shorthand reporters, as is now provided by law.

"'The salary shall be paid monthly by the Commissioners Court of the county or counties in the Judicial Districts, civil or criminal, and the County Courts at Law, civil or criminal, out of any available fund of the county or counties that the Commissioners Court may desire to pay the same, according to Articles 2326H and 2327A.

"'The provisions of this Act shall not apply to counties having a population of not less than two hundred and twenty thousand (220,000) nor more than three hundred and ninety thousand (390,000) inhabitants.'

"Sec. 2. The provisions of this Act are and shall be held and construed to be cumulative of all General and Special laws of this State on the subject treated of and embraced in this Act when not in conflict therewith, but in case of conflict, in whole or in part, this Act shall control in so far as any conflict exists. All laws and parts of laws in conflict with said Act are hereby repealed.

"Provided, however, this Act does not repeal nor amend Articles 2326A, 2326H, and 2327A of Chapter 13.

"Sec. 3. The crowded condition of the calendar and the fact that existing economic conditions have brought about an increase in the prices of all commodities and that the official shorthand reporters are being paid below the present standard for comparable services, create an

emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and that this Act shall take effect and be in full force and effect from and after its passage, and it is so enacted."

You have raised the question as to the constitutionality of H.B. 555 because of the exception underlined above. It is your opinion that said exception amounts to fixing a classification which is arbitrary and has no true relevancy to the purpose of the legislation, and therefore, H.B. 555 is unconstitutional because it violates section 56 of Article III of our State Constitution.

Section 56 of Article III is in part as follows:

"Sec. 56. The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing:

". . . .

"Regulating the affairs of counties, cities, towns, wards or school districts;

". . . ..

"Creating offices, or prescribing the powers and duties of officers, in counties, cities, towns, election or school districts;"

In the case of Bexar County v: Tynan, et al, 97 S.W. (2d) 467, (Commission of Appeals), the court in construing the above quoted section of the State Constitution stated that:

"The Legislature may, upon a proper and reasonable classification, enact a general law which at the time of its enactment is applicable to only one county; provided its application is not so inflexibly fixed as to prevent it ever being applicable to other counties. . . .

"Notwithstanding it is true that the Legis-
lature may classify counties upon a basis of
population for the purpose of fixing compensa-
tion of county and precinct officers, yet in do-
ing so the classification must be based upon a
real distinction, and must not be arbitrary or a
device to give what is in substance a local or
special law the form of a general law. It is well
recognized that in determining whether a law is
public, general, special or local the courts will
look to its substance and practical operations
rather than to its title, form and phraseology,
because otherwise prohibitions of the fundament-
al law against special legislation would be nuga-
tory.' 25 R.C.L., 815, and authorities cited
. . . .

"In the case of Clark v. Finley, 93 Tex.
171, 54 S.W. 343, this court recognized that
substantial differences in populations of coun-
ties could be made a basis of legislation fixing
compensation of officers, on the theory, as the
court clearly recognized, that the work devolv-
ing upon an officer was in some degree propor-
tionate to the population of the county. This
has frequently been recognized by courts as cre-
ating a sufficient distinction to justify a
larger compensation for county officers in coun-
ties having a large population as compared with
compensation to like officers in counties having
a small population. Conversely, we think it true
that if the Legislature ignores the obvious fact
that the work of county officers is proportionate
to population and classifies counties in such way
that the compensation of officers of a county
having a large population is fixed far below the
compensation allowed like officers in small coun-
ties, such action amounts to fixing a classifica-
tion which is arbitrary and which has no true
relevancy to the purpose of the legislation . . . ."
(Underscoring ours)

In the case of Miller et al v. El Paso County, 150
S. W. (2d) 1000, the Supreme Court held:

"Resort to population brackets for purpose
of classifying subjects for legislation is

permissible where spread of population is broad
enough to include or segregate a substantial
class and population bears some real relation to
subject of legislation and affords fair basis
for classification . . ..

". . . It has been legitimately employed
in fixing fees of offices in certain cases, but
even then it is permissible only where the spread
of population is substantial and is sufficient to
include a real class with characteristics which
reasonably distinguish it from others as applied
to the contemplated legislation, and affords a
fair basis for the classification." (Underscor-
ing ours)

For additional authorites on the above-quoted rules see Lewis
Sutherland Statutory Construction (2nd ed.), p. 397 et seq;
Jameson v. Smith, 161 S.W. (2d) 520; City of Ft. Worth v. Bob-
bitt, 121 Tex. 14, 36 S.W. (2d) 470, 41 S.W. (2d) 228; Supreme
Lodge Benevolent Ass'n. v. Johnson, 98 Tex. 1, 81 S.W. 18;
Smith v. State, 49 S.W. (2d) 739; Randolph v. State, 46 S.W.
(2d) 484; Fritter v. West, 65 S.W. (2d) 414, writ refused;
State v. Hall, 76 S.W. (2d) 880p Wood v. Marfa Ind. School
Dist., 123 S.W. (2d) 429; Leonard v. Road Maintanance Dist.
No. 1, 187 Ark. 599, 61 S.W. (2d)70.

It will be noted that the provisions of H. B. 555,
supra, excepting counties of not less than two hundred and
twenty thousand (220,000) nor more than three hundred and
ninety thousand (390,000) inhabitants exempts, in fact, only
two counties (Bexar and Tarrant) from the operation of said
act. Therefore, it allows the shorthand reporters of each
Judicial District Court situated in smaller counties and
shorthand reporters of each Judicial District Court situated
in larger counties to receive a greater compensation for
their service than like officers in Bexar and Tarrant Coun-
ties. Applying the above-quoted principles of statutory
construction and constitutional law to our present law
(H. B. 555), it is our opinion that the Legislature by put-
ting in the exception clause in House Bill 555, fixed a class-
ification which is arbitrary and which had no true relevancy
to the purpose of the legislation. Therefore, it is our opin-
ion that the exception clause to H. B. 555, supra, is uncon-
constitutional and void.

The question as to whether or not H. B. 555 can stand without the exception clause necessarily follows. We answer this question in the negative.

In the case of Anderson v. Wood, 152 S.W (2d) 1084, the Supreme Court stated the following:

"It is very well settled that a statute excepting certain counties arbitrarily from its operation is a 'local or special' law within the meaning of the above constitutional provision. Hall v. Bell County, Tex. Civ. App., 138 S.W. 178, affirmed by the Supreme Court, Bell County v. Hall, 105 Tex. 558, 153 S.W. 121; Webb v. Adams, 180 Ark. 713, 23 S.W. (2d) 617; State ex rel. Johnson v. Chicago, B. & Q. R. Co., 195 Mo. 228, 93 S.W. 784, 113 Am. St. Rep. 661; 6 R.C.L. 129, 59 C.J. 736. This last proviso exempting counties with a population between 195,000 and 205,000 is a part of the original act, and is not an amendment thereto. Since it is void, the whole act must be declared void, because otherwise the court would have to apply the act to all counties having a population in excess of 125,000, and this would be giving the act a broader scope than was intended by the Legislature. The rule applicable in such cases is thus stated in Lewis' Sutherland, Statutory Construction, 2d Ed. vol. 1, sec. 306, as follows: 'If, by striking out a void exception, proviso or other restrictive clause, the remainder, by reason of its generality, will have a broader scope as to subject or territory, its operation is not in accord with the legislative intent, and the whole would be affected and made void by the invalidity of such part.' Substantially the same rule is announced in Ruling Case Law, vol. 6, p. 129. The above rule was followed by this court in Texas-Louisiana Power Co. v. City of Farmersville, Tex. Civ. App., 67 S.W. (2d) 235, 238. See, also, James C. Davis, Director General, v. George Wallace, 257 U.S. 478, 42 S. Ct. 164, 66 L. Ed. 325."

Honorable H. Pat Edwards, page 7


     See also Womack v. Carson, et al, 70 S. W. (2d) 416, (Comm. of Appeals); and 39 Tex. Jur., p. 22.

     To allow H. B. 555 to stand and operate without the exception clause would give broader scope and meaning to the bill than was the intention of the Legislature. There is no basis which would allow one to claim that the Legislature would have passed H. B. 555 without the exception clause. For additional authorities see cases cited in 39 Tex. Jur., p. 22.

     It is, therefore, the opinion of this department that H. B. 555, Chapter 291, Acts of the 49th Legislature, 1945, is unconstitutional and void.

     In our Opinion No. 0-6776 we were requested merely to interpret certain provisions of H. B. 555, supra. Therefore, we did not pass on any constitutional question in said opinion. In view of our holding herein, we hereby withdraw our Opinion No. 0-6776.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          /signed/
         J. C. Davis, Jr.
         Assistant

By          /signed/
         John Reeves

JR:fb


APPROVED OCT. 19, 1945       APPROVED
/s/ Grover Sellers           OPINION COMMITTEE
ATTORNEY GENERAL OF TEXAS   By G.W.B., Chairman