

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 4, 1969

Honorable John Allen, Chairman
House Conservation and
    Reclamation Committee
Capitol Station
Austin, Texas

Opinion No. M-530

Re: Constitutionality of H.B.
No. 1056, 61st Legislature,
R.S., 1969 (Chapter 438,
p. 1479), authorizing the
City of Houston to promul-
gate and enforce safety
regulations on the water-
ways, channels, and turning
basins within its jurisdic-
tion; directing the city to
purchase and maintain fire
boats; providing that pro-
visions of the bill prevail
over provisions of the city
charter in the event of
conflict.

Dear Representative Allen:

Your recent letter requested the opinion of this
office as to the constitutionality of H.B. No. 1056,
Acts of the 61st Legislature, R.S., 1969.

That bill authorizes the City of Houston to exercise
certain powers concerning fire protection and related
activities, makes mandatory the purchase and operation of
fire boats, would extend the powers of the city beyond its
corporate boundaries, and provides that provisions of the
Act will prevail over provisions of the city charter in
the event of a conflict.

The statute enacted under H.B. No. 1056 is a local or special law and unconstitutional, for the reason that it purports to regulate the affairs of a single designated city and to effect a change in that city's charter, both of which are prohibited by Article 3, Section 56, Constitution of the State of Texas. City of Ft. Worth v. Bobbitt, 121 Tex. 14, 36 S.W.2d 470, Hall v. Bell County, 138 S.W. 178 (Tex.Civ.App. 1911), affirmed in Bell County v. Hall, 105 Tex. 558, 153 S.W. 121.

Article 3, Section 56, Constitution of Texas, provides in part as follows:

> "Sec. 56. The Legislature shall not, except
> as otherwise provided in this Constitution,
> pass any local or special law, authorizing:

> * * * * * *

> "Regulating the affairs of counties, cities,
> towns, wards or school districts;

> * * * * * *

> "Incorporating cities, towns or villages,
> or changing their charters;"

> * * * * * *

> "And in all other cases where a general law
> can be made applicable, no local or special
> law shall be enacted;......"

In City of Ft. Worth v. Bobbitt, supra, there is at page 472 the following language concerning the effect of singling out one city in a statute:

> "We presume that no one would contend, if
> the name 'Ft. Worth' had been inserted in
> the law in place of the stipulation with
> reference to population, that the act
> would be constitutional......"

Concerning the attributes of a local or special law, Hall v. Bell County, supra, at page 183, made the following holding:

> "We have already given reasons for holding that it is a local or special law, and we now add that, as its sole object was to regulate the affairs of Bell County, that fact is conclusive proof that it is a special law......."

With regard to the meaning of the word "regulating," Hall v. Bell County, at page 183, declared further:

> "The word 'regulating', as used in the Constitution, should not be given a narrow or technical signification. If the result of legislation is to repeal or materially change any law controlling or affecting the collection, safe-keeping, or disbursement of county funds, such legislation, within the purview of the Constitution, is a law regulating county affairs........" (Emphasis supplied).

In providing that the provisions of H.B. No. 1056 would prevail over conflicting provisions in the city charter, the bill on its face would violate the prohibition of Article 3, Section 56, Constitution of Texas, against changing the charter of a city.

We are not unmindful of a line of cases holding that a statute is not local or special, even though its performance is confined to a restricted area, if the persons or things throughout the state are affected thereby, or if it operates upon a subject in which the people at large are interested. L.C.R.A. v. McCraw, 125 Tex. 268, 83 S.W.2d 629, 636 (1935); Atwood v. Willacy County Nav. Dist., 284 S.W.2d 275 (Tex.Civ.App. 1955, ref. n.r.e.); Cameron County v. Wilson, 160 Tex. 25, 326 S.W.2d 162 (1959); Sullins v. City of Roma, 336 S.W.2d 814 (Tex.Civ. App. 1960, no writ); Smith v. Davis, 426 S.W.2d 827 (Tex.Sup. 1968). We are convinced, however, that in view

of the provisions of H.B. No. 1056 and the facts under which it would operate, the bill is clearly unconstitutional as a local or special bill within the prohibitions of Article 3, Section 56, Constitution of Texas.

## S U M M A R Y

Chapter 438, Acts of the 61st Legislature, R.S., 1969 (H.B. No. 1056, p. 1479), is unconstitutional under Article 3, Section 56, Constitution of Texas for the reason that it is a local or special law seeking to regulate the affairs of a city and to effect a change in that city's charter.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
John Reeves
Bob Flowers
Alfred Walker
Bill Corbusier

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant